Artashes BARUTYAN, Petitioner,

v.

Alberto R. GONZALES,* Attorney General, Respondent.

No. 04–73638.

Agency No. A79–290–887.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.**

Decided May 12, 2005.

Alexander Morales, Law Offices of Boghosian & Morales, Glendale, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of

---

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Barutyan's request for oral argument is therefore denied.

Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before PREGERSON, CANBY, and THOMAS, Circuit Judges.

### MEMORANDUM***

Artashes Barutyan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance without opinion of an immigration judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have partial jurisdiction pursuant to 8 U.S.C. § 1252. Where, as here, the BIA affirms without opinion, we review the IJ's decision. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). We dismiss in part, grant in part, and deny in part the petition for review.

■ We are without jurisdiction to review the IJ's determination that Barutyan's asylum application was untimely filed and that he failed to demonstrate extraordinary circumstances to excuse the untimeliness. *See Molina–Estrada v. INS,* 293 F.3d 1089, 1093 (9th Cir.2002) (order) (citing 8 U.S.C. § 1158(a)(3)).

■ We review for substantial evidence the IJ's denial of withholding of removal and CAT relief. *See Lanza v. Ashcroft,* 389 F.3d 917, 933, 936 (9th Cir.2004). Substantial evidence does not support the IJ's adverse credibility determination because the IJ did not specifically or cogently refer to non-credible aspects of Barutyan's demeanor, *see Arulampalam v. Ashcroft,* 353 F.3d 679, 686 (9th Cir.2003),

and because the discrepancies between Barutyan's application and his testimony were minor, *see Manimbao v. Ashcroft,* 329 F.3d 655, 660 (9th Cir.2003).

The IJ also improperly relied on conjecture and speculation when he concluded that Barutyan's asylum claim was fraudulent, and he must have come to the United States for economic reasons, because he filed his asylum application only after spending time in the United States and trying to determine whether he and his family would be safe here. *See Shah v. INS,* 220 F.3d 1062, 1071 (9th Cir.2000).

Despite Barutyan's reasonable explanation that he lacked the money to retain an attorney, the IJ incorrectly drew a negative inference from the fact that Barutyan was assisted by an attorney when he filed for an extension of his *nonimmigrant* visa, but not when he later filed for asylum. *See Salaam v. INS,* 229 F.3d 1234, 1238 (9th Cir.2000) (holding that the IJ's reasons for doubting credibility must be substantial and bear a legitimate nexus to the adverse credibility finding).

■ Finally, Barutyan's failure to provide additional corroborating evidence should not have undermined his claim of religious persecution given that Barutyan provided letters from his wife and his pastor in Armenia to support his claim and also testified that his house was broken into and all documents he had collected to substantiate his religious persecution were stolen. *See Gui v. INS,* 280 F.3d 1217, 1227 (9th Cir.2002) (holding that where some corroborative evidence is provided, failure to provide more should not be held against applicant); *see also Chen v. Ashcroft,* 362 F.3d 611, 620 (9th Cir.2004) (holding that adverse credibility finding is inappropriate where there is a plausible

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

explanation for lack of material corroboration).

We remand to the BIA for further proceedings to determine whether, accepting Barutyan's testimony as credible, he has met the criteria for withholding of removal. *See INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

Barutyan's CAT claim fails because, even assuming credibility, he has not shown it is "more likely than not" that he will be tortured if returned to Armenia. 8 C.F.R. § 208.16(c)(2); *see also Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DISMISSED in part; GRANTED in part; DENIED in part; and REMANDED.**

---

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.